UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MICHAEL MCCOLLOUGH,

                  Plaintiff,      COMPLAINT

    -against-                  __ Civ. __

LEROY FIELDS, SUPERINTENDENT,
FISHKILL CORRECTIUONAL FACILITY,
S. URBANSKI, DEPT. SUPERINTENDENT    **20-cv-5641**
FISHKILL CORRECTIONAL FACILITY,
CORRECTION OFFICER GARLAND,
FISHKILL CORRECTIONAL FACILITY,
SERGEANT GREGORY,
FISHKILL CORRECTIONAL FACILITY,
SERGEANT CARBONE,
FISHKILL CORRECTIONAL FACILITY
JOHN DOES 1-3 INDIVIDUALLY, AND
AS UNKNOWN EMPLOYEES OF THE
DEPARTMENTOF CORRECTION & COMMUNITY
SUPERVISION,

                  Defendants.

------------------------------------------X

    Plaintiff, MICHAEL MCCOLLOUGH, respectfully alleges that the following:

## NATURE OF ACTION

1. This is a civil action pursuant to the First, Eignt and Fourteen Amendment to the United State Constitution, 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, 28 U.S.C. §1367 and **Farmer v. Brennan**, 114 S.Ct. 1970 (1994), seeking declaratory and injunctive relief against all Defendants in their individual capacity violating Plaintiff's right to protect, and deliberate indifferent to Plaintiff's safety within well-defined body of federal jurisprudence outlining all protections afforded to Plaintiff, breached that trust.

2. Monetary damage is also being sought against Defendants individually for non-discretionary constitutional lapses being in contempt by the Department of Correction & Community Supervision ("Commissioner") explicit banned to remove all wooden wet floor signs ("herein after "dangerous instrument") from its facility was derelict in duty to act promptly, and the proximate cause for the actual injury Plaintiff sustained. All Defendants' failed to protect against inflicting serious injury and dishonored their duty to maintain a safe condition that was reasonably foreseeable to occur defined in Paragraph 3-25.

3. Despite all Defendants' reasonable knew in the aftermath of the felionious assault, intentionally conspired removing all dangerous instruments in the facility was too little, too late. All Defendants should have reasonably knew, by law, that tampering with physical evidence prior to any pending investigation impeded Plaintiff's ability to pursue his complaint with Office of Special Investigation ("IG"), by concealing exposure to their contemptuous act reference in Paragraph 12 and 16, and liable in this tort action individually or official capacity.

4. Plaintiff request an injunction directing all Defendant's not to retaliate against Plaintiff by transferring him out of the facility in furtherance filing this Complaint, that will be irreparably injurious to Plaintiff's liberty interest to early parole release.

2

## JURISDICTION, VENUE AND CONDITIONS PRECEDENTS

6. This action also arise under the Eight and Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and federal common law.

7. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§1331 and 1343.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. Plaintiff has duly complied with all conditions precedents to the commencement of this action.

## PARTIES

10. Plaintiff Michael McCollough is a prisoner incarcerated at Fishkill Correctional Facility, 271 Matteawan Road, P.O. Box 1245, Beacon, New York 12508.

## PARTIES ADEQUATELY APPRISED OF CONSTITUTIONAL VIOLATION

11. Leroy Field (hereinafter "Field" and/or "Custodian") is the Superintendent at Fishkill Correctional Facility, who at all time in this action was adequately apprised of the Commissioner's explicit directive, and on notice therefrom to remove all dangerous instruments from its facility was rebuffed, and thereby revised his own policy under which constitutional violation occurred, that adversely affected Plaintiff obtaing serious physical injury by another prisoner that was foreseeable. As the Custodian of said facility, Field failed to take any preventable actions and remedial

3

measures to remove dangerous instruments from the facility years earlier was indifferent to his duty to protect. Field, also failed to terminate wrongdoing by his subordinates in furtherance to the felonious assault or by showing willful blindness allowed Defendants to tamper with physical evidence, is liable in this tort action, individually.

12. Collectively in Paragraph 16, S. Urbanski ("Urbanski") Deputy Superintendent of Security, at Fishkill Correction & Community Supervision, who was adequately apprised of Commissioner's explicit directive, and on notice to remove all dangerous instruments from the facility (designated a "lethal weapon" and/or "Contraband") years earlier breached his duty to protect prisoners to substantial risk of harm that were reasonably foreseeable. Urbandki as the principle decision-maker overseeing security, failed to take any corrective action to remedy error and omission, and with the requisite state of mind directed his subordinates to cover up the existence of all dangerous instruments in the facility, and obstructed any pending investigation with IG immediately following Plaintiff being bludgeoned. Urbanski's, error or omissions taken together acted unlawfully and deterimenal to prisoners and correction staff alike, by failure to preserve evidence in furtherance to any investigation, and impeded Plaintiff's efforts to pursue a viable legal claim, is liable in this tort action individually or official capacity.

13. Correction Officer Garland, at Fishkill Correction & Community Supervision, who was adequately appraised of,

4

and on notice to a moral certainty that sleeping during the felonious assault deviated from his duty to protect. Garland was egregiously deliberately indifference adjudicating the basis principle of law by utilizing reasonable excessive force observing Plaintiff being feloniously bludgeoned by another prisoner with a dangerous instrument in accord 7 NYCRR 251-1.2, and affected by an error in law. Garland took no action whatsoever to de-escalate the felonious assault constitute a <u>de facto</u>, cruel and unusual punishment in violation of the Eight Amendment as well as violation under Article I, §5 of the New York State Constitution to be delivered in operative pleading for interrogator and discovery. For the constitutional injury Plaintiff sustained contained in Paragraph 18, was inordinary bearing lifelong scares, and under the duty to protect doctrine, Officer Garland is liable in this tort action, individually and official capacity.

14. Sergeant Gregory, at Fishkill Correction & Community Supervision, who was adequately apprised of, and on notice to a moral certainty that such policy, procedure, regulation or custom thereof was comtemptuous and dwarf specified in Paragraph 13. Sergeant Gregory being the author of the purported misbehavior report without first-hand knowledge of the felonious assault, if not, inadmissible in the court of law, was affected by an error in law. To the extent Sergeant Gregory minimized the severity of the injury Plaintiff sustained, exercised false complacency therefrom, found no accountability in Officer Garland's inability to observe the

5

felonious assault, summarized the felonious assault indifferently by presented a narrative that operated to deprive Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, and derivative laws of the United States Constitution, is liable in this tort action individually.

15. Sergeant Carbone, at Fishkill Department of Correction & Community Supervision, was adequately appraised of, and on notice to a moral certainty as the Tool Control Supervisor deliberatly concealed the existence of dangerous instruments from the tool inventory list, clandestinely altered the inventory report, intentionally removed thereof existence of dangerous instruments from its itemized list and recreated a custom to decieve its actual existence from inspection reference in Paragraph 12 and 16, was affected by an error in law. This dubious revision allowed prisoners access to lethal weapons to use against defenseless prisoners merit a viable foreseeable injury and substantial harm to Plaintiff recited in Paragraph 18. While these error and omission are individually sufficient to find liability, they are by no means the only error demanding it. While the dangerous instrument was the direct proximate cause for the constituinal injury Plaintiff sustained, Sergeant Carbone self-abasement was without privilege to craft security exemptions, as well as contemporaneous re-writing safety revisions that relinquished proper accreditation inspection therefrom, is liable in this tort action individually and in his official capacity.

16. As defined in Paragraph 12 collectively, and subject to operative pleading and made available during interrogation and discovery, Defendants John Does ("Does 1-3") are fictitious. John Does 1-3 presently unknown are employees by the Department of Correction & Community Supervision who in the aftermath of the felonious assault unlawfully obstructed ongoing investigation by removing vital physical evidence from the facility. John Does 1-3 are liable individually or in their official capacity as employees of the Department of Correction & Community Supervision, John Does 1-3 exercised their power under the color of Federal as well as the law of the State of New York knowingly acted with reckless disregard to the First and Eight Amendment to the United States Constitution.

**FACTUAL BACKGROUND**

17. The Department of Correction & Community Supervision ("Commissioner") is the sole entity and responsible dissimulating information to all superintendents to follow without forethought or contempt will be made available in operative pleading during interrogator and discovery. The Commissioner communicated to all superintendents removal all dangerous instruments replaced with plastics yellow wet floor signs within its facilities. The plastic yellow wet floor signs, a non-lethal weapon as opposed to wooden wet signs designated a dangerous instrument was to prevent foreseeable injury and did not jeopardize institutional safety and

correctional goals, had the opposite effect in Paragraph 18. Recited in Paragraph 2, Field hereto or any one acting on behalf of such party thereof repudiated that directive and allowed dangerous instructments to remain accessible to prisoners, the proximate weapon utilized on Plaintiff, and caused constitutional injury that was avoidable contained in Paragraph in 18.

## A. Failure to Protect/Constitutional Injury

18. On May 21, 2020 approximately at 5:12 a.m., Plaintiff was assaulted by another prisoner while sleeping in his living quarters with a dangerous instrument. Plaintiff sustained several lacerations, 17 sutures, broken jaw, nose and eye-socket that has to be surgically repaired.

19. Officer Garland the assigned officer who slept during the initial felonious assault, and due to the combined effect of no fewer then four 4 unexplained events knowingly violated the law by: (1) sleeping during the felonious assault and incompetently ceased all protection afforded to Plaintiff's safety, (2) failed to conduct security search of the housing unit and prevent access to dangerous instrument lack fortitude to protect with reasonable clarity, (3) failed to obtain and secure dangerous instruments to keep out of reach from prisoners living in housing unit foreseeable injury, and (4) failed to use excessive force observing Petitioner being bludgeoned and did nothing whatsoever to de-escalate the felonious assault falls within the category of documentation provided in Paragraph 20, pg. 13 ii, and submitted in operative

pleading made available by interrogator and discovery.

20. Sergeant Gregory directed officer Garland not to file any misbehavior reports, unusual incident reports, To/From memorandum and/or any additional writing of any kind as it related to the felonious assault. Instead, in his supervisor role, Sergeant Gregory, not an eye-witness to the felonious assault filed a cursory misbehavior report altering the severity of the constitution injury Plaintiff sustained, falsely provided a narrative without privilege to do so and immunized Officer Garland's duty to protect, individually and/or collectively operated to deprive Plaintiff's rights under First and Fourteenth Amendment to the United State Constitution and derivative law of the New York State Constitution.

B. **Destruction of Evidence**

21. On May 21, 2020 at approximate 8:00 a.m., Deputy Superintendent for Security Urbanski ordered John Does 1-3 to conduct a sweeping inspection of the facility recover and destroy all dangerous instruments and replaced with plastics yellow wet floor signs was too little, too late. Urbanski was fully aware, prior to and up until the date the dangerous instruments was utilized on Plaintiff was out of circulation in all facilies, and conspired with Does John 1-3 to remove the precise dangerous instrument utilized for the constitutional injury Plaintiff sustained recited in Paragraph 3, 12, 16 and 18.

22. Even assuming **arguendo**, (but not conceded too),

9

Urbanski cannot be held liable for non-foreseeable dangerous instrument was a threat to prisoners safety, this would embellish his professional performance as Superintendent of Security, either failure to preceive and/or recall past felonious assaults with the same dangerous instrument, and although memorialized in prior documentation where interrogators and discovery will substantiate same in operative pleading. Urbanski failure to act reasonably or grossly incompetent and willful blindness to recall past events therefrom, is liable in this tort action individually or in his official capacity.

23. Sergeant Carbone, the tool control supervisor at all times relevant herein was responsible itemizing all inventory items distributed to each housing unit in the facility. Sergeant Carbone was fully aware of, and knew all dangerous instruments should not have been delivered to no housing unit. In his independent judgment, Sergeant Carbone intentionally delated from its inventory list description of dangerous instruments to N/A, as such revised custom was duped prior and future inspections from its actual existance. Sergeant Carbone inexplicitly sharpened foreseeable constitutional injury Plaintiff sustained which tendered on incentiving prisoners access to the very same weapon referred in Paragraph 17, or made by any party hereto or any one acting on behalf of such party be made available during interrogator and discovery phrase in pleading. Sergeant Carbone's multiple non-discretionary acts was the proximate

10

cause for the injury Plaintiff sustained that should have been prevented and not effectuated on false premise contained in Paragraph 18. As such, the error and omission forcasting mandatory accreditation in transactional operation applies in any number of counterpart herein, all of which taken together upon interrogator and discovery, and directly liable to this tort action individually or in his official capacity.

## AS FOR PALINTFF'S FIRST CAUSE OF ACTION

24. Plaintiff repeats the allegation contained in ¶¶ 2-23 of this complaint and incorporate them as though fully set forth herein.

25. The Commissioner, a non-party to this action is the sole executive for the Department of Correction & Community Supervision and the policy-maker not the other way around given to Superintendent Fields. The Commission is soley in charge managing daily operation of the entire Department communicating to all superintendents' viz., e.mail directives, decisions and policys to make a safe institution in furtherance to correctional goals cannot amount to discretionary acts, as internal documentation made available during discovery.

26. As recited 2,11 and 17, Fields acting individually or collectively, dishonored the Commissioner's directive to remove all dangerous instruments over a series of days or perhaps years preceding Plaintiff being bludgeoned. Failed to correct wrongdoing by his subordinates who perpetuated and intentionally concealed dangerous instruments that was never recovered in the days following the felonious assault

recited in Paragraph 3, 12 and 16, and acted adversely to **Farmer**, and its progeny.

### SECOND CAUSE OF OF ACTION

I. As for the foregoing to Plaintiff's right to protect amount to Federal Constitutional tort action, finding Defendant's clearly acted outside the scope of their employment and official authority to seize Plaintiff's rights under the Eight Amendment to the United States Constititon.

### THIRD CAUSE OF ACTION

ii. For the foregoing of Plaintiff's Federal Constitutional right to protect is directly and substantively caused by deliberately making decisions adverse too, and indifference to Garland's duty to protect Plaintiff from unsafe conditions during the earlier morning hours sleeping in his assigned post distinctively associated with, and peculiar to, **Farmer** and its progeny.

### FOURTH CAUSE OF ACTION

iii. Feild, Urbanski, Goegory, Carbone and Does-John 1-3 revised customs, policys, procedures, regulations and/or unlawful practices contrary to the First, Eight and Fourteenth Amendment to the United States Constitution by:

A. The continuous obligation and without good cause repudiated Commissioner's directive to remove any and all dangerous instruments from the facility violated **Farmer**, as the duty to maintain reasonable safe condition amounted to violation of Eight and Fourteenth Amendment to the United States Constitution, and directly in opposite with the First Amendment to the United States Constitution impeding pending investigations.

B. The continuous obligation to protect defenseless prisoners while sleeping in living quarters cannot be set

aside by divorcing itself with **Farmer**, and its progeny. The right interprets "free from felonious assaults" not the other way around by skirting the rule of law within the ambit of the Eight Amendment Constitution, as Does John 1-3, conspiratorial conduct is irreconcilable with the First and Eight Amendment to the United States Constitution.

C. The aforesaid unlawful practice extended to failure to properly instruct, supervise and/or discipline wrongdoers knowingly altering inventory tool list was objectively offensive to well-defined United States Supreme Court precedents, by observing subordinates tampering with physical evidence is an accomplish to obstructing of justice was either objectively unreasonable and/or contrary to Supreme Court precedents.

D. With regard to the proper constitutional and statutory protection in existence at the time the Constitution demand, including but not limited to, the three-step grievance process under N.Y. Comp. Codes R & Regs. tit. 7 §701.7 (c)(4), and incorporated by reference herein as so opaque making the grievance process unavailable.

E. Accordingly, each Defendant individual or in his official capacity is liable for having inflicting constitutional injury in violation of Plaintiff's Constitutional rights under the First, Eight and Fourteenth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff demands a judgment against each Defendant as follows:

    I. Compensatory damages in the amount of one million dollars $1,000,000.00, respectfully.

    ii. As to all Defendants, Feild, Urbanski, Garland, Gregory, Carbone and Does Jhon 1-3, a permanent injunction directing those Defendants to provide Plaintiff with documentary proof asserted in this action and subject to be disposed that reasonably would lead to the discovery of admissible evidence;

    iii. Grant preliminary injunction directing defendants to refrain retaliatory acts pursuing this cause of action within the basic tenet of access to the court and due process.

    iv. For a pre-judgment interest allowed by law;

    v. For such and further relief as this Court deem just and proper.

I declare under the penalty of perjury, pursuant to U.S.C. §1746, that the following is true and correct and that this Action pursuant 1983 was placed in the prison maling system on _14_, July 2020 constitute due and sufficient service.

Dated: _14_ July 2020
       Beacon, NY

                            Respectfully submitted,

                            Michael McCollough
                            91-A-1385
                            271 Matteawan Raod
                            P.O. Box 307
                            Beacon, NY 12508-0307

Michael McCollough
91-A-1385
Fishkill Corr. Fac.
271 Matteawan Road
P.O. Box 307
Beacon, NY 12508-0307

July 14, 2020

**PERSONAL & CONFIDENTIAL**

Pro Se Office
United States District Court
Southern District of New York
U.S Courthouse
300 Quarropas Street
White Plains, NY 10601

Attn: Pro Se Office:

Enlcosed herewith is Plaintiff's **pro se** complaint under 42 U.C.S. §1983. Post COVID-19, Plaintiff request the Pro Se Office to forward forma pauperis ("IFP") application under U.S.C. §1915(b)(1), to proceed further in this matter, in part.

Kindly process the aforesaid cause of action and assigned it to a judge to bring about a resolution in the enclosed reference matter.

In thank you in advance and look forward to a courtesy reply expressing your views in this matter.

Respectfully,

*[signature]*

Mr. Michael McCollough

Encl.
RECEIVED JUL 17 2020 U.S.D.C. WP

Michael McCollough
91A1385
Fishkill Correctional;
Community Supervision
271 Matteawan Road
P.O. Box 307
Beacon, NY 12508-0307

Pro Se Office
United States District Court
Southern District of New York
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

FISHKILL CORRECTIONAL FACILITY