UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL McCOLLOUGH,

Plaintiff,

-against-

LEROY FIELDS, Superintendent, Fishkill
Correctional Facility; S. URBANSKI, Dept.
Superintendent, Fishkill Correctional Facility;
CORRECTION OFFICER GARLAND, Fishkill
Correctional Facility; SERGEANT GREGORY,
Fishkill Correctional Facility; SERGEANT
CARBONE, Fishkill Correctional Facility; JOHN
DOES 1-3 individually, and as unknown employees of
the Department of Correction & Community
Supervision; SALLY REAMS, Inmate Grievance
Resolution Committee (IGRC) Supervisor; ANNE
MARIE McGRATH, Deputy Commissioner of the
Department of Correction and Community
Supervision,

Defendants.

---

7:20-CV-5641 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in the Fishkill Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983 in which he seeks damages as well as injunctive and declaratory

relief. He sues: (1) Leroy Fields, the Fishkill Superintendent, (2) S. Urbanski, the Fishkill Deputy

Superintendent in charge of security, (3) Correction Officer Garland, (4) Sergeant Gregory,

(5) Sergeant Carbone, (6) Sally Reams, the Fishkill Inmate Grievance Resolution Committee

Supervisor, (7) Anne Marie McGrath, a Deputy Commissioner of the New York State

Department of Corrections and Community Supervision, and (8) unidentified "John Doe"

Fishkill officials.[1] By order dated September 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

The Court directs service on the identified defendants, and directs them to comply with Local Civil Rule 33.2. The Court also directs the Attorney General of the State of New York to provide to Plaintiff and the Court the identities (including badge numbers, if appropriate) and service addresses of the unidentified "John Doe" defendants.

## DISCUSSION

### A.    Service on the identified defendants

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses, the complaint, and the supplement on Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath until the Court reviewed the complaint and the supplement, and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath until 90 days

---

[1] On September 30, 2020, the Court received a submission from Plaintiff that he styles as an "amended complaint," and in which he requests to add Reams and McGrath as defendants in this action. (ECF 7.) The Court construes Plaintiff's "amended complaint" as a supplement to his original complaint, and grants Plaintiff's request. The Court considers Reams and McGrath as defendants in this action.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

after the date that summonses are issued for those defendants. If the complaint and the

supplement are not served on Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams,

and McGrath within that time, Plaintiff should request an extension of time for service. *See*

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d

Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information

necessary to identify the defendant, the Marshals' failure to effect service automatically

constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint (ECF 1) and the supplement (ECF 7)

on Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath through the

U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process

Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is

further instructed to issue summonses for Defendants Fields, Urbanski, Garland, Gregory,

Carbone, Reams, and McGrath, and deliver to the Marshals Service all of the paperwork

necessary for the Marshals Service to effect service of the complaint (ECF 1) and the supplement

(ECF 7) on those defendants. Plaintiff must notify the Court in writing if his address changes,

and the Court may dismiss this action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action. Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

date of this order, Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and

McGrath must serve responses to those standard discovery requests. In their responses,

3

Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath must quote each request verbatim.[3]

**C.    Unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the unidentified "John Doe" defendants. They are those Fishkill officials who allegedly participated in a cover up in that they carried out the May 21, 2020 order of Fishkill Deputy Superintendent Urbanski "to conduct a sweeping inspection of the facility [and] recover and destroy all dangerous instruments and replace[] [them] with plastic[] yellow wet floor signs . . . ." (ECF 1, at 9.) The Court therefore orders the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, to ascertain the identities (including badge numbers, if appropriate) of each "John Doe" defendant whom Plaintiff seeks to sue here and the address where each of those defendants may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint and the supplement to the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order

---

[3] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

(1) directing service on the newly identified defendants, and (2) directing the newly identified defendants to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to (1) issue summonses for Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath (2) complete USM-285 forms with the service addresses for Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath, and (3) deliver all documents necessary to effect service of the complaint (ECF 1) and the supplement (ECF 7) on Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath to the U.S. Marshals Service.

The Court further directs Defendants Fields, Urbanski, Garland, Gregory, Carbone, Reams, and McGrath to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

In addition, the Court directs the Clerk of Court to mail a copy of this order, the complaint (ECF 1), and the supplement (ECF 7) to the Attorney General of the State of New York at 28 Liberty Street, New York, New York 10005.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    10/1/20
          White Plains, New York

_____
CATHY SEIBEL
United States District Judge

6

## DEFENDANTS AND SERVICE ADDRESSES

1.    Leroy Fields, Superintendent
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

2.    S. Urbanski, Deputy Superintendent
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

3.    Correction Officer Garland
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

4.    Sergeant Gregory
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

5.    Sergeant Carbone
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

6.    Sally Reams, Inmate Grievance Resolution Committee Supervisor
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

7.    Ann Marie McGrath, Deputy Commissioner
      New York State Department of Corrections and Community Supervision
      Building Two
      1220 Washington Avenue
      Albany, New York 12226-2050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

AMENDED
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 2:

_____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 3:

_____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 4:

_____
First Name                    Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____