

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8373

December 29, 2020

**VIA E-MAIL & ECF**
Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: McCollough v. Fields, 20 CV 5641 (CS)

Dear Judge Seibel:

      We write in response to Your Honor's Order dated October 1, 2020 directing this Office to identify the John Doe defendants, specifically "those Fishkill officials who allegedly participated in a cover up in that they carried out the May 21, 2020 order of Fishkill Deputy Superintendent Urbanski 'to conduct a sweeping inspection of the facility [and] recover and destroy all dangerous instruments and replace[] [them] with plastic[] yellow wet floor signs.'" (Dkt No.8). Plaintiff alleges that Defendant Urbanski conspired with said John Does "to remove the precise dangerous instrument utilized for the constitutional injury Plaintiff sustained." (Dkt. No. 1, ¶21).

      Based on our review of the records, Corrections Officer Robert Gomez recovered and confiscated the wooden wet floor sign used in the alleged assault from Plaintiff's room where the incident took place. The wooden wet floor sign was secured, and shortly thereafter, the State Police arrived and took the wooden wet floor sign into evidence. This event would not appear to be part of an alleged "sweeping inspection of the facility," but should this be an individual that Plaintiff intended to sue, C.O. Robert Gomez can be served at:

  Fishkill Correctional Facility
  18 Strack Drive
  Beacon, New York 12508-0307

This response is based on information available at this time, and it is not an admission that the identified individual engaged in the acts alleged or violated Plaintiff's rights.

  There were also steps taken to remove or replace wooden wet floor signs in the facility on May 21, 2020 and thereafter at the direction of Defendant Urbanski because the incident had demonstrated that the wooden signs could be used as weapons and were a threat to security. It is believed that many different officers stationed in many different areas of the correctional facility who happened to be on duty in the particular location at those times removed or replaced the wooden signs. Despite diligent efforts, we have been unable to determine the identity of DOCCS staff who removed or replaced the wooden signs. We note, however, that because the wooden sign used in the alleged assault was taken into custody by the State Police in response to the incident, any claim that other signs were removed in connection with a cover up to destroy evidence appears to be meritless on its face.

            Respectfully Submitted,

            /s/ *Gee Won Cha*
            Gee Won Cha
            Assistant Attorney General
            Geewon.Cha@ag.ny.gov

cc:  Michael McCollough
    Plaintiff *Pro Se*
    (Via Mail)