

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL McCOLLOUGH,

                    Plaintiff,

    -against-

FIELDS, SUPERINTENDENT,
FISHKILL CORRECTIONAL FACILITY, ET AL

                  Respondent.
------------------------------------X

DECLARATION
EXTENSION OF TIME

20 Civ. 5641(CS)

I, MICHAEL McCOLLOUGH, being duly sworn, and deposes under the penalty of perjury pursuant to 28 U.S.C. 1746 the following is true and accurate:

1. This declaration is being submitted in support of Plaintiff's extension of time to file an amended complaint returnable January 29, 2021. This extension is made in response to Respondent's cursory answer which raise an entirely new narrative shifting burden spoliation of evidence to the State Police and unable to effectively respond to the Court timely.

2. With respect to Respondent's terse answer arguing **inter alia**, that in spite Respondent's might and resource they are unable to identify "John Does" to whom Plaintiff seek to sue is disingenuous and rebuffs service process ordered by this Court.

3. Despite Plaintiff is proceeding **pro se** requesting permission to file an amended complaint out-of-time should be freely given under these unusual circumstances in accord with <u>McDonald v. Head Criminal Court Supervisor Office</u>, 850 F.2d 121, 124 (2nd Cir. 1988) (collecting of cases).

4. In the amended compliant Plaintiff intends to raise three distinct issues - many involving John Does direct participation raised in the complaint, new unidentified State Police defendants may raise additional litigation and two defendants presumably Garland and Sergeant Gregory to whom Plaintiff intend to sue did not seek representation and not properly served by federal marshals has avoid service in accord with Fed. R. Civ. P. 4(c)(3). Given Respondent for the first time alluded to the State Police, the complaint should be enlarged to include both substantive and constitutional injury. Because Plaintiff is unable to adequately cover Respondent's blanket denial raised for first in reply to this Court's order coupled within the allocated time constraints demanded therefrom, extension of time would not be unreasonable.

5. This request is equally pertinent as Respondent have not complied with discovery demanded by this Court to actively research, and brief the substantive claim that ought to be reviewed by this Court, and despite extensive editing, Plaintiff would not succeed filing an amended complaint timely.

WHEREFORE, Plaintiff respectfully pray that this Court GRANT an EXTENSION of time, with instruction on how to proceed for the stated reasons above, and for reasons in the accompanying subsequent amended complaint.

Dated: 14 January 2021
Beacon, New York

Respectfully submitted,

Mr. Michael McCollough
91-A-1385
Fishkill Corr. Fac.
271 Matteawan Road
P.O. Box 1245
Beacon, NY 12508-0307

Mr. Michael McCollough
91-A-1385
Fishkill Corr. Fac.
271 Matteawan Road
P.O. Box 1245
Beacon, NY 12508-0307

14 January 2021

**PERSONAL & CONFIDENTIAL**

Honorable Cathy Seible
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

In re: McCollough v. Fields, 20 Civ. 5641(CS)
    **Extension of Time**

Dear Judge Seibel:

I caused this extension of motion to be served upon Assistant Attorney General Gee Won Cha, Officer of the Attorney General, 28 Liberty Street, New York, NY 10005.

I than you in advance for your time and patience in this matter.

Respectfully,

*M. McC*

Mr. Michael McCollough

Enclosure

---

Plaintiff may have extra time but he needs to understand that he doesn't get to sue anyone who might have anything to do with the incident or its aftermath; he can only sue those who he can in good faith allege violated his rights in some way. Officers who removed wooden "wet floor" signs other than the one involved in Plaintiff's injury would not seem to have any liability and their names would not seem to be necessary to the amended complaint. Nor can I imagine how the state police harmed Plaintiff by taking custody of evidence. Plaintiff may have until 3/1/21 for the Amended Complaint. No further adjournments. The Clerk shall send a copy of this endorsement to Plaintiff.

SO ORDERED.

*Cathy Seibel*   1/9/21

CATHY SEIBEL, U.S.D.J.



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Michael McColloh   DIN: 91A1385

Printed on Recycled Paper