Mr. Michael McCollough
91-A-1385
Fishkill Corr. Fac.
271 Matteawan Road
P.O. Box 1245
Beacon, New York 12508-307



RECEIVED APR 01 2021 CHAMBERS OF CATHY SEIBEL U.S.D.J.

29 March 2021

**PERSONAL & CONFIDENTIAL**

**MEMO ENDORSED**

Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

In re: McCollough v. Fields, 20 Civ. 5641(CS)

Dear Judge Seibel:

Receipt of Respondent's letter request production of discovery returnable 30 days following dismissal filing Amended Complaint as untimely would be highly prejudicial and non-appealable.

Plaintiff, proceeding **pro se**, bought this action against each Defendant in violation of 42 U.S.C. 1983. Respondent submitted in letter form postmark February 9, 2021, requesting the Court to reject several John Does Plaintiff intend to sue, arguing, **inter alia**, that Respondent was unable to determine the identity of DOCCS staff, and because the alleged dangerous instrument was taken into custody by the State Police demerits the claim on its face.

This Court agreed. Not only the Court erred weighting the credibility in Respondent's letter form submission was improper, the Second Circuit Court of Appeals recently chimed in on this issue in **Randolph v. Griffin**, 816 Fed. Appx. 520 (2nd Cir. 2020) noting that resolving credibility disputes a court cannot rule in Respondent's favor.

In the original complaint, Plaintiff argue, **inter alia**, that each Defendant was apprised of such object will be used as a weapon to inflict harm upon other inmates and left unattended in a prison dormitory settin; that according to official records, prison staff considered the dangerous instrument to be "contraband," even though it was prison property and had been placed in the housing unit where the assault occurred, and that the direction of and/or with knowledge of prison the use of the dangerous instrument within residential areas of the facility had previously been prohibited by DOCCS and/or facility policy.

Letter to Hon Cathy Seibel
29 March 2021
Pg. 1 of 2

That, contrary to Respondent's averral that the dangerous instrument "could" be used and thus absolved of any liability therefrom, and without providing discovery to substantiate same constitute a genuine dispute of material facts avoids the Court weighting in on credibility disputes.

In addition, although this Court urged the parties to exchange discovery without the Court's intervention. Plaintiff opt to file a Amended Complaint by adding additional defendants Plaintiff intend to sue remains uncooperative and unresponsive by Respondent.

Apart allegations set forth in the complaint, Plaintiff wish to include facts preceding the May 21, 2020 assault. That is, the Special Office of Investigation Unit (IG) attempt to cultivate Plaintiff into being an informant and thus placed a bull's-eye on Plaintiff back to be assaulted. Despite repeated protest to Defendants' to stop two IG's agents attempt to cultivate Plaintiff being a snitch they refused to do so, and the outcome is exactly what the Second Circuit Court of Appeals envisioned in <u>Watson v. McGinnis</u>, 964 F.Supp. 127 (S.D.N.Y. 1997) opinion affirmed <u>Burns v. Martuscello</u>, 890 F.3d 77 (2018) (""forcing inmates to serve continuously as snitches may well prompt further violence, as others may seek retribution for perceived betrayals').

Here, Plaintiff has already prepared this Court with the initial complaint for relief without the Amended Complaint that uniquely challenge two of the IG's names and made available by DOCCS's records, yet unresponsive by Respondent. Accordingly, Respondent's fully-dispositive motion in letter form and non-appealable should be rejected as appealable. See <u>Jarvis v. McCarthy</u>, 967 F.3d 113 (2nd Cir. 2020) ("the court erred not allowing plaintiff to amend the complaint to remedy the problems it identified")..

Based on the foregoing, Plaintiff respectfully request this Court to reconsidered dismissing the Amended Complaint, grant permission to re-file a Amended Complaint and/or grant telephone conference prior to considering motion to dismiss would be just and proper.

Respectfully,

Mr. Michael McCollough

cc: Mr. Gee Won Cha, Esq.
Assistant Attorney General
State of New York
Office of the Attorney General
28 Liberty Street
New York, NY 10005

---

To the extent Plaintiff wishes to amend against IG officers, that would have to be via a different lawsuit, if a claim could be stated, as Plaintiff does not allege that his assaulters knew of IG efforts, nor does he name the IG defendants [or allege that they forced him to do anything]. As for other C.O.s, I don't see how they would be liable for floor signs but Plaintiff can explore their identities in discovery when and if we reach that stage. So Ordered. Cathy Seibel USDJ 4/5/21
The Clerk shall send Plaintiff a copy of this endorsement.



FISHKILL CORRECTIONAL FACILITY
BOX 1245
BEACON, NEW YORK 12508

NAME: Michael McCullough DIN: 91A1365

RECEIVED
APR 01 2021
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

USDNY

ALBANY NY
30 MAR 2021 PM

Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains NY 10601

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Michael McCollough  DIN: 91A1385

Printed On Recycled Paper