

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8373

April 9, 2021

**Via ECF & E-MAIL**
Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re: <u>McCollough v. Fields</u>, 20 CV 5641 (CS)

Dear Judge Seibel:

    This Office represents defendants Fields, Urbanski, Gregory, Garland, Carbone, Reams and McGrath. I write to respectfully request a pre-motion conference in connection with Defendants' anticipated motion to dismiss. Plaintiff alleges that Defendants violated Plaintiff's constitutional rights while he was incarcerated at Fishkill Correctional Facility and was assaulted by another prisoner while sleeping in his living quarters with a dangerous instrument. (Dkt. 1, ¶18). The Complaint (Dkt. 1) and First Amendment (Dkt. 7) should be dismissed for the reasons set forth below.

    **I.  Plaintiff Fails to State an Eighth Amendment Deliberate Indifference Claim**

    To state an Eighth Amendment failure-to-protect claim, a prisoner must show: (1) that he was incarcerated under conditions posing a "substantial risk of serious harm"; and (2) prison officials knew of, and disregarded, an excessive risk to a prisoner's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834-38. "[T]he mere existence of the chance that a prisoner might be injured by another prisoner does not violate the Eighth Amendment." <u>Jones v. Goord</u>, 435 F. Supp. 2d 221, 235 (S.D.N.Y. 2006).

    Here, Plaintiff alleges merely that commonly-used wooden wet floor signs are so inherently dangerous that their use violates the Constitution. (Dkt. 1, ¶2). But to contend that their use "violates contemporary standards of decency" stretches the Eighth Amendment's prohibition on cruel and unusual punishment well past its breaking point. <u>See</u> <u>Simmons v. Schriro</u>, No. 09 Civ. 9598, 2010 WL 3238943, at *2 (S.D.N.Y. Aug. 16, 2010) (it is "well established" that a slippery

floor or failure to provide a mat does not pose a substantial risk of serious harm) (collecting cases); Accord Rennalls v. Alfredo, No. 12 Civ. 5300, 2015 WL 5730332, at *5 (S.D.N.Y. Sept. 30, 2015) (holding that Defendants were at most negligent in failing to follow security protocol where the plaintiff was assaulted by an inmate using a cast); Edney v. Kerrigan, No. 00 Civ. 2240, 2004 WL 2101907, at *6 (S.D.N.Y. Sept. 21, 2004) ("A failure to protect claim requires more than a showing that the correctional facility contains dangerous conditions.").

Secondly, there are no allegations that show that Defendants actually "knew of, and disregarded, an excessive risk," of foreseeable danger from the wooden wet floor signs. Warren v. Goord, 579 F. Supp. 2d 488, 496 (S.D.N.Y. 2008), aff'd, 368 F. Appx. 161 (2d Cir. 2010). In particular, there are no allegations that these signs had ever been used as weapons in any prior inmate assaults. Moreover, Plaintiff's claim that Defendants Fields and Urbanksi failed to follow departmental policy in removing said signs, (Dkt. 1, ¶11, 12), is equally without merit. See, e.g., Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (state law violation does not necessarily rise to the level of a constitutional violation).

Finally, Plaintiff's allegation that Defendant Garland was asleep at his post when Plaintiff was assaulted, (Dkt. 1, ¶19), also does not state a claim. Such conduct, while hardly praiseworthy if true, would be mere negligence, which cannot constitute deliberate indifference. Blandon v. Capra, No. 17 Civ. 65, 2017 WL 5624276, at *10 (S.D.N.Y. Nov. 20, 2017); Ross v. Correction Officers John & Jane Does 1-5, 610 Fed. Appx. 75, 77 (2d Cir. 2015) (while officer "may have exercised poor judgment in leaving his post, deliberate indifference describes a state of mind more blameworthy than negligence.").

## II. Plaintiff's Conspiracy Claim Is Meritless

Plaintiff alleges that all Defendants "[i]n the aftermath of the felionious [sic] assault, intentionally conspired removing all dangerous instruments in the facility," (Dkt. 1, ¶3), and Defendant Urbanski "conspired with Does John 1-3 to remove the precise dangerous instrument" that was used in the assault. (Dkt. 1, ¶21). If the Court construes these allegations as a conspiracy claim, any such claim would fail, as Plaintiff's purported conspiracy claims against Defendants of removing evidence allegedly occurred *after* the incident and is not a constitutional violation. Clayton v. City of Poughkeepsie, No. 06 Civ. 4881, 2007 WL 2154196, at *5 (S.D.N.Y. June 21, 2007) (holding that the plaintiff's only reference to the purported conspiracy in the Complaint indicates events after the events of [the incident]). In any event, the intracorporate doctrine bars Plaintiff's conspiracy claims against these DOCCS officials. Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1977); Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 70-72 (2d Cir. 1976).[1]

---

[1] Plaintiff's complaint makes a passing reference to the First Amendment. (Dkt. 1, 4th Cause of Action). There do not appear to be any allegations relating to such a claim. To the extent that Plaintiff is intending to allege that the alleged removal of wooden wet floor signs constituted destruction of evidence and denied him access to court, the claim would be frivolous. Most obviously, he is in court now litigating those claims, and thus has not suffered injury. See Lewis v. Casey, 518 U.S. 343, 351-56 (1998).

### III. Defendants Reams, McGrath and Fields Are Not Alleged to Have Been Personally Involved in The Alleged Incidents

To state a Section 1983 claim for damages, "courts may not apply a special rule for supervisory liability. Rather, the plaintiff must directly plead and prove that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachman, 983 F.3d 609, 612 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Thus, a plaintiff must show "more than the linkage in the prison chain of command." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). As such, Plaintiff's allegation that Defendants Fields was on "notice therefrom to removal all dangerous instruments from its facility" and "allow[ing] Defendants to tamper with physical evidence," (Dkt. 1, ¶11), is insufficient to establish liability. Moreover, Plaintiff makes only vague references to grievances in his claims against Defendants Reams and McGrath, and he does not plead any facts to show that Defendants Reams and McGrath, through their own individual action, were deliberately indifferent to Plaintiff's safety or violated Plaintiff's constitutional rights.

### IV. All Defendants Entitled to Qualified Immunity

All Defendants are entitled to qualified immunity on of Plaintiff's claims since the Complaint does not allege a violation of a clearly established federally-protected right, nor would it have been clear to a reasonable official in Defendants' position that the actions they took violated the plaintiff's clearly-established federal rights. See generally Pearson v. Callahan, 555 U.S. 223, 230-33 (2009). They are also entitled to qualified immunity because no decision from the Supreme Court or Second Circuit has ever held, or remotely indicated, that wooden wet floor signs are so inherently dangerous that their use violates the Eight Amendment. Moreover, Defendants Fields, Reams and McGrath are entitled to qualified immunity because they are not alleged to have been personally involved in the alleged violation. Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135-36 (2d Cir. 2013).

Respectfully submitted,

*/s/ Gee Won Cha*
Gee Won Cha
Assistant Attorney General
Geewon.Cha@ag.ny.gov

cc: Michael McCollough DIN 91-A-1385 (by mail)